IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-95-158-D |
| | ) | (Case No. CIV-16-428-D) |
| JOHN R. TAYLOR, | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant John R. Taylor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 357], which is supported by a memorandum of law [Doc. No. 364]. While this is not Defendant's first § 2255 motion, the Tenth Circuit authorized him to file a second or successive motion to raise a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See In re Taylor*, No. 16-6101, Order (10th Cir. May 3, 2016) (unpublished). At the government's request, the Court initially abated these proceedings pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). After that decision, Defendant filed a supplemental brief [Doc. No. 388]; the government filed its response [Doc. No. 393]; and Defendant filed a reply brief [Doc. No. 394]. After careful consideration of the parties' submissions and the case record, the Court finds that no evidentiary hearing is needed and the Motion should be dismissed.[1]

---

[1] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

Defendant seeks relief from concurrent 360-month prison sentences imposed on January 21, 1998, after conviction by a jury of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. The sentencing judge, the Honorable Ralph G. Thompson, utilized the career offender provisions of the Sentencing Guidelines, U.S.S.G. § 4B1.1 and § 4B1.2, to determine a range of imprisonment of 360 months to life. The career offender guideline was triggered by Defendant's having "at least two prior felony convictions of either a crime of violence or a controlled substances offense." *See* U.S.S.G. § 4B1.1(3) (1995).[2] Defendant had three felony convictions for crimes of violence: kidnapping in violation of Cal. Pen. Code § 207(a); forcible rape in violation of Cal. Pen. Code § 261(2); and second degree robbery in violation of Cal. Pen. Code § 211 using a firearm as provided by § 12022.5.[3] Defendant's conviction in this case was affirmed on direct appeal; he did not challenge his sentence. *See United States v. Taylor*, 183 F.3d 1199 (10th Cir.), *cert. denied*, 528 U.S. 904 (1999).

On multiple occasions in ensuing years, Defendant has unsuccessfully sought post-conviction relief using various procedures. *See* Orders of May 24, 2001 and Nov. 8, 2001 [Doc. Nos. 275 & 276] (denying first § 2255); *Taylor v. United States*, Nos. 05-6034 & 05-6267 (10th Cir. May 17, 2005 & Nov. 9, 2005) (denying authorization to file second or successive § 2255 motions); *United States v. Taylor*, 362 F. App'x 924 (10th Cir. 2010)

---

[2] The 1995 edition of the Sentencing Guidelines Manual was used in Defendant's case. *See* Presentence Investigation Report [Doc. No. 358], ¶ 28.

[3] *See* Presentence Investigation Report [Doc. No. 358], ¶ 37. However, because the kidnapping and rape offenses occurred on a single occasion, they may not be counted separately. *See* U.S.S.G. § 4B1.2(3) (1995); *see also* U.S.S.G. §4A1.2(a)(2) (1995).

(affirming denial of motion under 18 U.S.C. § 3582(c)(2)); *United States v. Taylor*, 381 F. App'x 876 (10th Cir. 2010) (affirming dismissal of Rule 60(b) motion; denying authorization to file second or successive § 2255 motion); *In re Taylor*, No. 12-6157 (10th Cir. July 3, 2012) (denying authorization to file second or successive § 2255 motion); *United States v. Taylor*, 525 F. App'x 768 (10th Cir. 2013) (affirming denial of motion under 18 U.S.C. § 3582(c)(2)).

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), regarding enhanced sentences under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), where a defendant has three prior convictions for "a violent felony . . . committed on occasions different from one another." The Supreme Court declared unconstitutionally vague a part of the ACCA's definition of "violent felony" referred to as the "residual clause." *Johnson*, 135 S. Ct. at 2557. The residual clause expanded a list of enumerated offenses to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* § 924(e)(2)(B)(ii). In invalidating the residual clause, the Supreme Court expressly stated that its ruling "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. In 2016, the Supreme Court determined that *Johnson* announced a new rule of constitutional law "that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

In May 2016, Defendant applied to the Tenth Circuit for authorization to bring a second or successive § 2255 motion based on *Johnson*. *See In re Taylor*, No. 16-6101, Pet. (10th Cir. May 2, 2016). In granting authorization, the court of appeals found that Defendant had made a prima facie showing that his claim met the gatekeeping requirements of 28 U.S.C. § 2255(h)(2) and § 2244(b)(3) because "*Johnson* announced a new rule of constitutional law that was made retroactive to cases on collateral review in *Welch*." *See In re Taylor*, No. 16-6101, Order (10th Cir. May 3, 2016). The court recognized that Defendant challenges "a sentence enhanced under the guideline for career offenders" rather than an ACCA sentence. *See id*. at 1-2. However, the Tenth Circuit relied on its holding in *In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016), "that second or successive § 2255 motions that rely on *Johnson* to challenge the career-offender guideline qualify for authorization under § 2255(h)(2)." *See id*. at 3. Defendant filed the instant Motion within one year after the *Johnson* decision, claiming it is timely under § 2255(f)(3).[4]

Defendant's § 2255 claim based on *Johnson*, as fleshed out in his supporting briefs, is that one of the predicate felony offenses used to enhance his sentence – the California robbery conviction – does not satisfy the career offender guideline's definition of a "crime of violence" unless the residual clause of § 4B1.2(a)(2) is used.[5] Defendant assumes the holding of *Johnson* extends to the residual clause in § 4B1.2 of the Sentencing Guidelines. This assumption was previously supported by Tenth Circuit case law. *See United States*

---

[4] The government does not challenge the timeliness of Defendant's Motion, so the Court need not address this issue.

[5] In the 1995 version of the Guidelines, the residual clause appears in § 4B1.2(1)(ii).

4

*v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) (holding that *Johnson* invalidated the "virtually identical" residual clause in § 4B1.2(a)(2)), *abrogated by Beckles v. United States*, 137 S. Ct. 886 (2017)). But because *Madrid* was abrogated by *Beckles*, Defendant now relies on qualifying language in the Supreme Court's opinion in *Beckles*, including its "hold[ing] that the *advisory* Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *See Beckles*, 137 S. Ct. at 895 (emphasis added). Also, a concurring opinion expresses the view that *Beckles* leaves open the question of whether *Johnson* may still apply to sentences imposed when the Guidelines were mandatory, that is, before *United States v. Booker*, 543 U.S. 220, 233 (2005), rendered them advisory. *See Beckles*, 137 S. Ct. at 903, n.4 (Sotomayor, J., concurring in the judgment).[6]

Regardless of the answer to the mandatory Guidelines question, this Court can reach the merits of Defendant's § 2255 claim only if he satisfies the preconditions of § 2255(h)(2) that apply to second or successive motions. Otherwise, the Court lacks jurisdiction to grant relief, and Defendant's Motion must be dismissed. *See Case v. Hatch*, 731 F.3d 1015, 1029 (10th Cir. 2013); *see also* 28 U.S.C. § 2244(b)(4) ("A district court must dismiss any claim presented in a second or successive application that the court of appeals

---

[6] The impact of *Beckles* on a § 2255 claim of a defendant who was sentenced under the pre-*Booker* mandatory Guidelines scheme, is presented for decision by the Tenth Circuit in an appeal set for oral argument on September 25, 2017. *See United State v. Greer*, No. 16-1282, Joint Pet. Panel Rehr'g (10th Cir. April 10, 2017) (pet. granted, April 11, 2017). Beyond this general issue, a more specific point was made by the Supreme Court justices who concurred in the judgment in *Beckles*: A defendant whose prior conviction was a "crime of violence" under the career offender guideline because it was enumerated in the official commentary to § 4B1.2(a) cannot claim that the guideline was vague as applied to him. *See Beckles*, 137 S. Ct. at 897-98 (Ginsburg, J., concurring in the judgment); 137 S. Ct. at 898 (Sotomayor, J., concurring in the judgment).

5

has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). In granting Defendant authorization to file his Motion, the court of appeals made only a preliminary assessment, leaving this Court to determine whether Defendant has shown that his claim is based "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2).

When *Madrid* remained good law, the Tenth Circuit had decided that a claim challenging a sentence that was based on the residual clause of the career offender guideline could be "sufficiently based on *Johnson* to permit authorization under § 2255(h)(2)." *See In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016). As previously noted, the Tenth Circuit relied on *Encinias* in granting authorization for Defendant to file the instant § 2255 Motion. The premise of *Encinias* has been undermined, however, by the abrogation of *Madrid* and the Supreme Court's rejection of the view that the residual clauses of the ACCA and the career offender guideline are coterminous. It is now open to debate whether the Due Process Clause applies to the mandatory Guidelines; if so, it must then be decided whether such a rule would be entitled to retroactive effect in cases on collateral review, as discussed in *Welch*, 136 S. Ct. at 1265. The government addresses these issues in its briefs and argues against findings in Defendant's favor. Defendant addresses only the first issue, arguing that *Beckles* was limited to the advisory Guidelines; he presents no argument regarding the second issue of retroactivity.[7]

---

[7] Although Defendant appears without counsel, he has chosen to represent himself throughout this case, including two jury trials and numerous post-conviction proceedings. The

In the Court's view, the dispositive issue is even narrower. Defendant must show that his claim rests on a new constitutional rule made retroactive <u>by the Supreme Court</u>. A finding of retroactivity by this Court, or even by the court of appeals, would be insufficient to satisfy § 2255(h)(2). The only Supreme Court case that might satisfy this requirement for a career offender guideline claim based on *Johnson* would be *Welch*, but that case was limited to the new rule announced in *Johnson* that "changed the substantive reach of the Armed Career Criminal Act," and its statutorily mandated punishments for a class of persons subject to the Act. *Welch*, 136 S. Ct. at 1265. The Court explained:

> Before *Johnson*, the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence.

*Id*. The Court reasoned that *Johnson* was not merely a procedural decision because it "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id*.

Arguably, the same reasoning would not apply to a Supreme Court decision invalidating the residual clause of the career offender guideline. The Sentencing Guidelines, even when applied in a mandatory fashion, are not the equivalent of a criminal statute and cannot require a particular punishment. They provide a punishment or range

---

Court most recently appointed counsel to assist Defendant with a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), but Defendant asked the Court to terminate the representation, which was done. *See* Order of Aug. 17, 2015 [Doc. No. 354].

7

of punishments that a sentencing court may impose, as one factor that must be considered under 18 U.S.C. § 3553(a) in fashioning an appropriate sentence for a particular defendant. Thus, *Welch* would not necessarily mandate that a Supreme Court decision invalidating the residual clause of the career offender guideline would be given retroactive effect to cases on collateral review.[8]

Under these circumstances, the Court finds that Defendant has failed to show that his § 2255 claim is based on a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. Therefore, the Court finds that Defendant's Motion must be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 357] is DISMISSED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2).

---

[8] Some district courts have reached a similar conclusion in the context of finding a § 2255 motion to be untimely because the time limit of § 2255(f)(3) is only available when a claim is based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See, e.g.*, *United States v. Autrey*, Crim. No. 1:99-cr-467, 2017 WL 2646287, *4 (E.D. Va. June 19, 2017) (to be published) ("it is clear that *Johnson* did not establish a new "right" applicable to defendant or the mandatory [Sentencing] Guidelines"); *see also United States v. Brigman*, Case No. 03-20090-01-JWL, 2017 WL 3267674, *2 (D. Kan. Aug. 1, 2017) (collecting cases). Other district courts disagree. *See United States v. Walker*, Case No. 1:93-cr-00333-DAP, 2017 WL 3034445, *5 (N.D. Ohio July 18, 2017).

"A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief is denied on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds that this standard is not met here. Therefore, a COA is DENIED, and the denial shall be included in the judgment.

IT IS SO ORDERED this 9th day of August, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE